

# The Florida Bar

651 East Jefferson Street
Tallahassee, FL 32399-2300

Joshua E. Doyle
Executive Director

850/561-5600
www.FLORIDABAR.org

February 4, 2021

Mr. Don Karl Juravin
15118 Pendio Drive
Bella Colina, FL 34756

Re: Complaint by Don Karl Juravin against Marc John Randazza
The Florida Bar File No. 2021-00,173(2B)

Dear Mr. Juravin:

All correspondence and documents submitted in this matter have been carefully reviewed. You allege that Mr. Randazza filed false claims in bankruptcy court, filed false court documents, has harassed you and violated the attorney-client privilege, has violated his duty of professionalism, is guilty of bribery, and offered false testimony.

In response, Mr. Randazza alleges that you are an opposing party in matters currently being litigated by Mr. Randazza's clients, that you have previously made these complaints in other, now closed, grievances and in court, and have been unsuccessful in sustaining your allegations.

Please understand that when a grievance is filed against an attorney, Bar counsel must analyze the complaint and the supporting evidence from the standpoint of whether or not, as a prosecutorial agency, the case stands a reasonable chance of being won if litigated. One of the considerations Bar counsel must weigh in deciding whether to close a file or proceed further to seek disciplinary measures is the weight of the available evidence. If the Bar seeks to discipline the lawyer, it is required by Supreme Court ruling to show, by "clear and convincing" evidence that there has been a violation of one or more of the Rules Regulating The Florida Bar. Clear and convincing evidence has been defined as "evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." This burden of proof is heavier than the burden of proof required in an ordinary civil trial. It does not appear that the Bar could meet its required burden of proof at trial of a disciplinary proceeding on this issue.

In light of the foregoing, as the matters mentioned in your complaint have been litigated and remain under consideration in court, it is our view that they should be resolved by the court(s) rather than by the Florida Bar. However, please be advised that should the court determine that the accused attorney has acted unethically, pursuant to Rule 3-7.8 of the Rules Regulating The

Florida Bar, it is within the court's jurisdiction and authority to refer this matter for further investigation.

Thus, I must conclude there is insufficient evidence from the materials provided that Mr. Randazza has violated any of the rules adopted by the Supreme Court of Florida which govern attorney discipline. Accordingly, continued disciplinary proceedings in this matter are inappropriate and our file has been closed effective February 3, 2021. Pursuant to the Bar's records retention schedule, the computer record and file will be disposed of one year from the date of closing.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney/Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:     Mr. Richard Adam Greenberg ✓